IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02455-BNB

ALBERT LEE PACHECO,

    Plaintiff,

v.

RICHARD ROMERO, Pueblo Police Dept.,
WALTER S. POPE, Pueblo Police Dept.,
ALLISON P. ERNST, Colo. State Public Def.,
DOUGLAS WILSON, Colo. State Public Def.,
DENNIS MAES, Pueblo District Court,
KAY HOWARD, Pueblo District Attorney,
KRISTA GILL, Colo. State Public Def., and
SCOTT BRAUN, Pueblo Police Dept.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 13 2010

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Plaintiff Albert Lee Pacheco is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Buena Vista, Colorado, Correctional Facility. Mr. Pacheco, acting *pro se*, has filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. The Court must construe the Complaint liberally, because Mr. Pacheco is a *pro se* litigant. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **Hall**, 935 F.2d at 1110.

Mr. Pacheco raises five claims, all of which challenge the constitutionality of his State of Colorado conviction. He seeks injunctive relief including a court order to "undo" his wrongful conviction. (Compl at 8.)

"[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement [and] must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). For a claim of wrongful imprisonment the sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, *see Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973), after exhaustion of state remedies, *see* 28 U.S.C. § 2254(b)(1). Even if a claim should have been brought under 28 U.S.C. § 2254, a prisoner may prefer to have his claim dismissed rather than recharacterized as a § 2254 claim because of the potential consequences with respect to any § 2254 action he may file in the future. *See Davis v. Roberts*, 425 F.3d 830, 835 (10th Cir. 2005) (Antiterrorism and Effective Death Penalty Act places strict limitations on second or successive claims). The Court, therefore, will dismiss the Complaint and action without prejudice. Accordingly, it is

ORDERED that the Complaint and action are dismissed without prejudice as all claims are raised improperly under 42 U.S.C. § 1983.

DATED at Denver, Colorado, this 13th day of January, 2010.

BY THE COURT:

_____ for
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02455-BNB

Albert Lee Pacheco
Prisoner No. 80313
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/13/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk